IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **Capstone Associated Services (Wyoming) LP, Capstone Associated Services, Ltd., Capstone Insurance Management, Ltd., Stewart A. Feldman, and The Feldman Law Firm LLP,**<br><br>Plaintiffs,<br><br>v.<br><br>**Organizational Strategies, Inc., Integration Casualty Corp., Systems Casualty Corp., Optimal Casualty Corp., Nicolette Hendricks and William Hendricks,**<br><br>Defendants. | Civil Action No. 14-648-RGA |

MEMORANDUM ORDER

Presently before the Court is Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction (D.I. 3) and related briefing. (D.I. 4). The Court ordered Defendants to respond by May 28, 2014.

This case is a related action to C.A. No. 13-764, where this Court found that there was a valid agreement to arbitrate, with jurisdiction in Delaware. Defendants, Plaintiffs in that action, denied that there was an agreement to arbitrate. However, Defendants contacted James Green, Sr., Esq., an arbitrator located in Delaware, to preside over any subsequent arbitration in case the Court held that there was a valid arbitration agreement. Subsequently, Defendants both appealed the Court's decision and filed a motion to compel arbitration.

Plaintiffs, Defendants in the prior litigation, opposed the motion to compel arbitration and filed their own motion for reconsideration. Plaintiffs maintained that the Court could not decide

1

...

venue, and therefore made an error of law pronouncing that arbitration should take place in Delaware. Both motions are still pending. Additionally, Plaintiffs filed a motion for reconsideration of an order by the Texas District Court which vacated a prior arbitration award. Should that motion be denied, Plaintiffs intend to appeal to the Fifth Circuit. Currently, there is an arbitration set to begin on May 28, 2014 with James Green, Sr., Esq., and the Court has a teleconference scheduled with the parties at 8:30 a.m. on May 29, 2014.

Plaintiffs request that the Court enter a temporary restraining order and preliminary injunction prohibiting Defendants from pursuing arbitration pending the conclusion of the proceedings before this Court, the Texas District Court, the Third Circuit, and possibly the Fifth Circuit. When deciding a motion for a preliminary injunction or a temporary restraining order, I must evaluate the following four factors: (1) the likelihood that the movant will prevail on the merits; (2) the harm to the movant; (3) the harm to the non-movant; and (4) the public interest. *Am. Life Ins. Co. v. Parra*, 25 F. Supp. 2d 467, 473 (D. Del. 1998); *Nutrisweet Co. v. Vit-Mar Enterprises, Inc.*, 112 F.3d 689, 693 (3d Cir. 1997).

At this point in time, I cannot grant a preliminary injunction or temporary restraining order to the extent requested by Plaintiffs. Such an injunction would likely be measured in years, not days, and the harm to Defendants would far outweigh any harm to Plaintiffs. The only harm to Plaintiffs at this stage is that they would subjected to the extra expense of a second arbitration, which might not be binding, should the Texas District Court or the Fifth Circuit reverse the vacatur of the prior arbitration award. Based on that possible harm, it would not be in the public interest to enjoin arbitration until all the court proceedings have concluded. However, I note that Defendants have taken inconsistent positions on whether they desire to arbitrate. Defendants lost in the previous action, appealed the judgment finding a valid arbitration agreement, and yet filed

a motion to compel arbitration. Should Defendants win in the Third Circuit, there would be no harm to them from enjoining the arbitration.

As it stands, the second and third factors are in equipoise. At this point, I also cannot conclude that Plaintiffs will prevail on the merits, as I have previously found a valid agreement to arbitrate. What I can conclude is that the public interest will be served by deciding this issue on the merits and giving the parties a chance to be heard. In that regard, I will enjoin the parties from proceeding with ANY arbitration until May 31, 2014. As the parties have likely already made arrangements to be in Delaware, I will hold a hearing on these issues on May 30, 2014. The parties are instructed to contact chambers to schedule a time for the hearing.

For the reasons discussed above, it is hereby ordered:

Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction (D.I. 3) is **GRANTED**. The parties are enjoined from proceeding in arbitration until May 31, 2014.

Entered this 23rd day of May, 2014.

/s/ Richard G. Andrews
United States District Judge

3